IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2211 |
| | § | |
| JULIE NGOC VO, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 23] filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"), to which Defendants Julie Ngoc Vo and Zula Enterprises, L.L.C. d/b/a Zula Restaurant filed a Response [Doc. # 25]. Plaintiff neither filed a reply nor requested additional time to do so. Based on a review of the record and the relevant legal authority, the Court **denies** the Motion.

Plaintiff alleges that Defendants violated 47 U.S.C. § 553 and § 605 (the "Communications Act") by intercepting or otherwise receiving without authorization the May 29, 2010, UFC 114: Rampage v. Evans Broadcast ("Broadcast") and exhibiting the Broadcast to patrons of their commercial establishment, Zula Restaurant. Defendants deny any violation of the Communications Act.

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). Where, as here, the movant bears the burden of proof at trial on the issues at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp*., 289 F.3d at 375.

Plaintiff seeks summary judgment on the issue of Defendants' liability under the Communications Act for intercepting and exhibiting the Broadcast.  In support of the Motion, Plaintiff relies on the affidavit of its investigator, Alice Dickel.  In the Affidavit, Dickel states that she visited Defendants' establishment on May 29, 2010, observed one television in the establishment, and the Broadcast was exhibited on that single television.  *See* Affidavit of Alice Dickel, Exh. A-2 to Motion.  Dickel also states that the capacity of the establishment was approximately "200" people, and on the night of May 20, 2010, there were between six and ten people present.  *See id.*

In opposition to Plaintiff's Motion, Defendants submitted the affidavit of Jackie Lam, a bartender at Zulu Restaurant. Lam states that she was working at the establishment on May 29, 2010, between 9:00 p.m. and 3:00 a.m. the following morning and did not witness the Broadcast exhibited in any form. *See* Jackie Lam Affidavit, Exh. A to Response. Defendants submitted also the affidavit of Johnthan Linh Vo, night manager at Zula Restaurant. Vo states in his Affidavit that he was present at Zula Restaurant on May 29, 2010, between 8:00 p.m. and 2:30 a.m. the following morning and neither authorized nor witnessed any exhibition of the Broadcast. *See* Johnthan Linh Vo Affidavit, Exh. B to Response.

There is a genuine dispute regarding the material facts in this case. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 23] is **DENIED**. The case remains scheduled for docket call on **June 29, 2012**.

SIGNED at Houston, Texas, this 17th day of **May, 2012**.

Nancy F. Atlas
United States District Judge